Filed 8/10/22  P. v. Franklin CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LEROME FRANKLIN,<br><br>    Defendant and Appellant. | C094058<br><br>(Super. Ct. No. 07F10729) |

A jury convicted defendant Lerome Franklin in 2007 of attempted murder and conspiracy to commit murder, and the trial court sentenced defendant to 50 years to life in prison for the conspiracy count plus 25 years to life for a firearm enhancement.  The trial court imposed but stayed an indeterminate term for the attempted murder count.

1

In 2020, defendant petitioned the trial court for resentencing under Penal Code section 1170.95.[1] After appointing counsel (who was later replaced by retained counsel), the trial court denied the petition as failing to make a prima facie case for relief. The trial court concluded that former section 1170.95 did not apply to attempted murder and conspiracy to commit murder. Moreover, after reviewing the record of conviction, the trial court stated that, in any event, the jury necessarily found defendant had an intent to kill, which also removed the crimes from the ambit of former section 1170.95.

Defendant now contends (1) he is eligible for section 1170.95 relief for his conspiracy to commit murder conviction, (2) he is eligible for section 1170.95 relief for his attempted murder conviction, and (3) he was entitled to personally appear at the hearing.

We conclude defendant is not entitled to section 1170.95 relief. In so concluding, we do not determine whether defendant was entitled to personally appear at the hearing because any error was harmless beyond a reasonable doubt. We will affirm the trial court's order denying the petition for resentencing.

BACKGROUND

As reflected in our 2010 opinion on direct appeal from the judgment, defendant, while in jail for an altercation with Timothy Hurst (aka T-Money), called Floyd Martin and told him to "get on Money." Martin shot Hurst several times, but Hurst survived. (*People v. Martin* (Nov. 30, 2010, C060683) [nonpub. opn.] (*Martin*).) The trial court sentenced defendant to 50 years to life for the conspiracy count with an additional 25 years to life for a firearm enhancement under section 12022.53, subdivisions (d) & (e).

---

[1] Effective June 30, 2022, the Legislature renumbered Penal Code section 1170.95 to section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) For purposes of clarity and conformity with the petition, we will continue to refer to the statute as section 1170.95 throughout the opinion. Further undesignated statutory references are to the Penal Code.

The trial court also imposed but stayed an indeterminate term for the attempted murder count.

Effective January 1, 2019, Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 3 (Senate Bill 1437)) amended the law to ensure that no one would be liable for murder unless that person (1) was the actual killer or (2) aided and abetted the actual killer with intent to kill or (3) was a major participant in the underlying felony and acted with reckless indifference to human life. On its face, Senate Bill 1437 did not apply to attempted murder or conspiracy to commit murder.

Senate Bill 1437 also enacted former section 1170.95, allowing those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts" when certain conditions applied. (§ 1170.95, former subd. (a).)

Defendant filed a petition for resentencing under former section 1170.95 in 2020. The trial court, after appointing counsel (who was later replaced by retained counsel), denied the petition as failing to make a prima facie case for relief, holding that former section 1170.95 did not apply to attempted murder and conspiracy to commit murder. After reviewing the record of conviction, the trial court also stated that, in any event, the jury necessarily found defendant had an intent to kill, which also removed the crimes from the ambit of former section 1170.95.

Effective January 1, 2022, while this appeal was pending, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Senate Bill 775) amended section 1170.95. Prior to the enactment of Senate Bill 775, courts had concluded that resentencing relief under section 1170.95 was limited to murder convictions and did not extend to persons convicted of manslaughter or attempted murder. (See, e.g., *People v. Turner* (2020) 45 Cal.App.5th 428, 435-436.) The Legislature explained that one of Senate Bill 775's purposes was to clarify that section 1170.95 is applicable to manslaughter and attempted

3

murder convictions. (See Stats. 2021, ch. 551, § 1, subd. (a) ["[T]his legislation . . . [¶] . . . [c]larifies that persons who were convicted of attempted murder or manslaughter under a theory of felony murder and the natural [and] probable consequences doctrine are permitted the same relief as those persons convicted of murder under the same theories"].) The amendment did not extend the same relief to persons convicted of conspiracy to commit murder.

DISCUSSION

I

Defendant contends he is entitled to resentencing under current section 1170.95 for conspiracy to commit murder because that section applies to "inchoate crimes (attempt, conspiracy, solicitation) under the natural and probable consequences doctrine."

"A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, attempted murder under the natural and probable consequences doctrine, or manslaughter may file a petition with the court that sentenced the petitioner to have the petitioner's murder, attempted murder, or manslaughter conviction vacated . . . ." (§ 1170.95, subd. (a).)

By its plain terms, the current version of section 1170.95 applies only to a petitioner's convictions for murder, attempted murder, or manslaughter. (See *People v. Medrano* (2021) 68 Cal.App.5th 177, 182 [petitioner convicted of conspiracy to commit murder was legally ineligible for relief under section 1170.95].) The Legislature did not add conspiracy to commit murder to the list of eligible crimes when it amended section 1170.95. Because the Legislature did not add conspiracy to commit murder to the list of crimes covered by section 1170.95, we cannot.

In any event, as we will discuss more fully in part II, the jury necessarily found defendant had an intent to kill in committing the crime of conspiracy to commit murder. That circumstance precludes section 1170.95 relief. (*People v. Gentile* (2020) 10 Cal.5th

4

830, 842, superseded on another ground by statute as stated in *People v. Hola* (2022) 77 Cal.App.5th 362, 370.)

Thus, the trial court properly concluded defendant did not make a prima facie case that he is entitled to section 1170.95 relief for his conspiracy to commit murder conviction. (§ 1170.95.)

## II

Defendant next contends the trial court erred by denying relief under section 1170.95 for his attempted murder conviction.

It is true that as a result of Senate Bill 775, a petitioner may obtain resentencing relief under section 1170.95 for an attempted murder conviction if the conditions of subdivision (a) of section 1170.95 are met. One of the conditions for granting section 1170.95 relief is that "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) As we will explain, this condition is not met in this case because the jury necessarily found defendant intended to kill Hurst.

*People v. Medrano* (2021) 68 Cal.App.5th 177 is instructive here.[2] In that case, the petitioner was a nonshooter participant in a drive-by shooting into a crowd and was convicted of two counts of first degree murder and conspiracy to commit murder. (*Id.* at p. 179.) The jury was instructed on the natural and probable consequences doctrine, but the prosecutor argued to the jury that the defendant harbored the intent to kill even though he was not the actual perpetrator. (*Id.* at p. 183.) The Court of Appeal in *Medrano* held that the record of conviction established the petitioner intended to kill the murder victim because intent to kill was an element of the conspiracy to commit murder conviction. The court therefore reasoned that the jury necessarily based its murder

---

[2] The Attorney General cited and relied on *Medrano* in his respondent's brief, but defendant fails to cite or discuss *Medrano* in his reply brief or his supplemental brief.

conviction on intent to kill, not on the natural and probable consequences doctrine. (*Id.* at p. 185.) Because the petitioner intended to kill and was therefore convicted under a direct aiding and abetting theory, not the natural and probable consequences doctrine, he was ineligible as a matter of law for section 1170.95 relief. (*Medrano,* at p. 186.)

Here, the jury was instructed that, to convict on the conspiracy to commit murder count, with Hurst as the intended victim, the jury must find that defendant "intended to agree and did agree with the other defendant, intentionally and unlawfully, to kill" and that, "at the time of the agreement, the defendant and one or more of the other alleged members of the conspiracy intended that one or more of them would intentionally and unlawfully kill." The trial court added: "The People must prove that the members of the alleged conspiracy had an agreement and intent to commit murder." Therefore, because the jury convicted defendant of conspiracy to commit murder as to Hurst, as alleged in count one of the information, the jury found defendant intended to kill Hurst.

The jury also convicted defendant of the attempted murder of Hurst. The instructions on that charge were more complicated. The trial court clearly delineated which instructions applied to count one (conspiracy to commit murder) and which instructions applied to count two (attempted murder). The trial court instructed the jury that, to prove defendant was guilty of attempted murder, the prosecution had to prove defendant intended to kill Hurst. Alternatively, with respect to the attempted murder count, the trial court instructed the jury concerning attempted murder as a natural and probable consequence of an uncharged conspiracy to commit *assault* on Hurst.[3]

---

[3] It appears that the trial court intended to instruct the jury on an uncharged conspiracy to commit *assault or murder* and included verbiage about murder in the instruction. However, in describing how the uncharged conspiracy could support an attempted murder conviction under the natural and probable consequences doctrine, the trial court did not include the alternative of murder as the object of the uncharged conspiracy.

Considering all of the instructions together, along with the jury's guilty verdicts on both counts, the jury necessarily found defendant intended to kill Hurst, which was an element of conspiracy to commit murder, as well as the theory of attempted murder that did not rely on the natural and probable consequences doctrine. Under these circumstances, which substantially mirror the circumstances in *Medrano*, defendant is not entitled to section 1170.95 relief because a jury finding of intent to kill supported the attempted murder conviction without resort to the natural and probable consequences doctrine. (*Medrano, supra*, 68 Cal.App.5th at pp. 185-186.) In other words, the record of conviction conclusively establishes the absence of a predicate for section 1170.95 relief -- that predicate being "[t]he petitioner could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).)

Defendant asserts that the natural and probable consequences of an uncharged conspiracy to commit assault was the only theory on which the trial court instructed the jury concerning attempted murder. That is not accurate. The trial court also instructed the jury on the elements of attempted murder on its own, without regard to the natural and probable consequences doctrine, including the intent-to-kill element.

Defendant also asserts the trial court did not instruct the jury on aiding and abetting. That is accurate. However, it does not change the result because, even though the jury was given the option of considering attempted murder as a natural and probable consequence of conspiracy to commit *assault*, the jury found defendant guilty of conspiracy to commit murder, thus removing doubt about whether defendant intended to kill Hurst. (*Medrano, supra*, 68 Cal.App.5th at pp. 185-186.)

Defendant argues he is entitled to reversal because the trial court, in ruling on his petition, found simply that the evidence was sufficient to conclude defendant intended to kill Hurst, not that the jury necessarily found defendant intended to kill Hurst. While the trial court used some sufficiency-of-evidence language, it made clear that its ruling was

7

based on its conclusion, like ours, that the jury "necessarily found beyond a reasonable doubt that [defendant] intended that the victim of the attempted murder be killed." Thus, defendant's argument that the trial court relied merely on a sufficiency-of-evidence analysis is without merit.

III

Defendant further contends that, once he established a prima facie case for relief under section 1170.95, he was entitled to personally appear for the hearing after the trial court had appointed counsel. We do not determine whether defendant was entitled to personally appear at the hearing because any error was harmless beyond a reasonable doubt.

If a criminal defendant is absent from a critical stage in the proceedings, the judgment is reversible only if the violation of the defendant's due process right to be present was prejudicial. Because defendant claims his absence violated his Sixth and Fourteenth Amendment rights, as well as rights under California law, we must determine whether the asserted due process violation was harmless beyond a reasonable doubt. (*People v. Davis* (2005) 36 Cal.4th 510, 532 [applying harmless error standard to defendant's absence from proceeding].) Here, defendant's absence was harmless beyond a reasonable doubt because the record of conviction establishes defendant is not entitled to relief as a matter of law. As noted, the jury "necessarily found beyond a reasonable doubt that [defendant] intended that the victim of the attempted murder be killed." No prejudice arose from defendant's absence.

DISPOSITION

The trial court's order denying defendant's petition under section 1170.95 is affirmed.

_____/S/_____

8

MAURO, J.

We concur:

_____/S/_____
ROBIE, Acting P. J.

_____/S/_____
DUARTE, J.